# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| FAHREN HAYDEN PARKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:17cv00532-SWW-JJV |
| CARPENTAR, Lieutenant, | * | |
| Saline County Jail; *et al.* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Fahren Hayden Parker ("Plaintiff") is incarcerated at the Saline County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges he sustained injuries in two separate slip-and-fall incidents in his cell. (*Id*. at 4-10.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

2

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

As an initial matter, Plaintiff attempts to state two separate claims resulting from two unrelated slip-and-fall incidents – one on July 21, 2017, and one on August 7, 2017. (Doc. No. 1 at 4, 7.) In the first claim, he seeks to hold Defendants Carpentar and Parker responsible for causing the fall on July 21, 2017; in the second claim, he seeks to hold Defendant Doe responsible for being dismissive in treating his injuries resulting from the fall on August 7, 2017. (*Id*. at 5, 7-9.) Because Plaintiff's claims are factually unrelated, they are unsuited for prosecution in a single action under Federal Rule of Civil Procedure 20(a)(2). I will analyze Plaintiff's first claim regarding the fall on July 21, 2017. His other claim should be dismissed. If Plaintiff desires to proceed on that claim, he should file a separate action.

In his first claim, Plaintiff alleges he slipped and fell while coming down from his top bunk. (Doc. No. 1 at 4-5.) He states there was condensation from an air conditioning unit on the floor of his cell; he and his cellmates had previously requested a fan to lessen the moisture, but these requests were denied. (*Id*.) Plaintiff states he injured his wrist and ankle and suffered a severe

abrasion to the back of his head. (*Id*. at 5.) He was taken to an emergency room for treatment. (*Id*.)

Plaintiff does not allege Defendants Carpentar and Parker were involved in this incident in any way. His requests for a fan were denied by other officials. (*Id*. at 4.) Nonetheless, Plaintiff feels "the responsibility falls also on Sgt. Parker and Lt. Carpenter for not enforcing these safety requirements. As well the Saline County Detention Center as a whole." (*Id*. at 5-6.) Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007); *see also Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him). To the extent Plaintiff seeks to hold Defendants Carpentar and Parker responsible based solely on their positions as supervisory officials, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

In addition, Plaintiff has sued Defendants in their official capacities only. (Doc. No. 1 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id*. at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Saline County. Section 1983 liability against municipalities and other local government units is limited; they may

be sued directly under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or where the constitutional deprivation is "visited pursuant to governmental 'custom.'" *Monell*, 436 U.S. at 690-91. Plaintiff has not identified any official policy or unofficial custom of Saline County that caused or contributed to his alleged injuries. Accordingly, he fails to state a claim against Defendants in their official capacities.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 22nd day of August, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."